IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY E. ORTIZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:07CV3211 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DENNIS BAKEWELL, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

The petitioner has filed a petition for writ of habeas corpus challenging his confinement by the State of Nebraska. This matter is before me to determine whether the petitioner should be allowed to proceed in forma pauperis. (Filing 2.) Also before me is the petitioner's request for appointment of counsel. (Filing 3.) The case is also before me for initial review of the petition. (Filing 1.)

### *IFP Determination*

Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 fee. 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. § 1915(a)(1)-(2), and after considering the petitioner's financial status as shown in the records of this court, provisional leave to proceed in forma pauperis will be granted and the petitioner is relieved from paying the fee at this time.

### *Appointment of Counsel*

The petitioner requests the appointment of counsel. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed

unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring appointment of counsel if an evidentiary hearing is warranted). In short, there is no need for the appointment of counsel at this time.

### *Initial Review*

The court has conducted initial review of the habeas corpus petition (filing 1) to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, the seven claims asserted by the petitioner are these:

> Claim One: Construed as a due process claim, the petitioner's plea of "no contention" was unlawfully induced because it was obtained by threat, duress, and coercion.
>
> Claim Two: Construed as a Fourth Amendment claim, the petitioner's conviction was obtained through an unlawful search and seizure.
>
> Claim Three: Construed as a due process claim or a Fourth Amendment claim, the petitioner's conviction was obtained by virtue of an unlawful arrest.
>
> Claim Four: Construed as a Fifth Amendment claim, the petitioner's conviction was obtained in violation of his right to remain silent.

Claim Five: Construed as a due process claim, the petitioner's conviction was obtained because of the prosecutor's failure to disclose evidence favorable to the petitioner.

Claim Six: Construed as a Sixth Amendment claim, the petitioner's conviction was the result of ineffective assistance of trial counsel due to various errors.

Claim Seven: Construed as a Sixth Amendment claim, the petitioner's conviction was the result of ineffective assistance of counsel regarding advice respecting an appeal.

Liberally construed, the court preliminarily decides that all the claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought. Accordingly,

IT IS ORDERED:

(1) The application to proceed in forma pauperis (filing 2) is provisionally granted and the petitioner will not be required to pay the $5.00 fee at this time.

(2) The motion for appointment of counsel (filing 3) is denied.

(3) Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that the following claims are potentially

cognizable in federal court: The seven claims listed in the body of this memorandum.

(4) The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

(5) By November 5, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: summary judgment or answer deadline expired on November 6, 2007.

(6) If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner except that the respondent is only required to provide the

>petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.
>
>D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.
>
>E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.
>
>F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation, and a brief that complies with terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned the failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions **including the release of the petitioner**.

(7) If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

A. No later than 30 days after the filing of the answer, the respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) & 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

B. The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner, except that the respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.      No later than 30 days following the filing of the respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

      E.      No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

(8) No discovery shall be undertaken without leave of the court. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

September 12, 2007.

                BY THE COURT:

                s/*Richard G. Kopf*
                United States District Judge