IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY E. ORTIZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3211 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DENNIS BAKEWELL, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 9.) In support of his motion, Respondent filed relevant state court records. (Filing No. 11.) Petitioner Gary Ortiz timely filed an Opposition to Respondent's Motion for Summary Judgment. (Filing No. 12.)

Liberally construing the allegations of Ortiz's Petition for Writ of Habeas Corpus ("Petition") and his opposition brief (filing nos. 1 and 12), Ortiz argues that his Petition should be granted because:

1. Ortiz's plea of "no contention" was unlawfully induced because it was obtained by threat, duress, and coercion.

2. Ortiz's conviction was obtained through an unlawful search and seizure.

3. Ortiz's conviction was obtained by virtue of unlawful arrest.

4. Ortiz' conviction was obtained in violation of his right to remain silent.

5. Ortiz's conviction was obtained because of the prosecutor's failure to disclose evidence favorable to Ortiz.

6.  Ortiz's conviction was the result of ineffective assistance of trial counsel.

7.  Ortiz's conviction was the result of ineffective assistance of counsel regarding advice respecting appeal.

## I.  BACKGROUND

On March 29, 2005, Ortiz pled guilty to the charge of First Degree Sexual Assault of a Child. (Filing No. 11, Attach. 2 at CM/ECF p. 1.) On May 31, 2005, Ortiz was sentenced to serve fifteen to twenty-five years in prison on this charge. (*Id*.) Ortiz did not file a direct appeal or a motion for post-conviction relief. Ortiz then filed his Petition on August 20, 2007.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In particular, the AEDPA states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or

>>laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Therefore, absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

A judgment is final, "for these purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (internal citations and quotations omitted). The United States Supreme Court requires that a petition for writ of certiorari be filed within "ninety days from the date of entry of judgment in a state court of last resort." *Id.*; *see also* Sup. Ct. R. 13(1). The calculation of the 90-day period runs from the date of entry of the judgment for which the writ of certiorari is sought, "and not from the issuance date of the mandate." Sup. Ct. R. 13(3). As recently set forth by the Eighth Circuit, a petitioner under 28 U.S.C. § 2244(d) is entitled to "the benefit of the ninety-day period for seeking a writ of certiorari" even if he does not seek further review from

3

the applicable state's highest court. *Pierson v. Dormire*, 484 F.3d 486, 489-90 (8th Cir. 2007).

Here, Ortiz did not file a direct appeal of his conviction or sentence. Therefore, for purposes of the AEDPA, Ortiz's judgment was final on June 30, 2005, or 30 days after the date of his sentence. *See* Neb. Rev. Stat. § 25-1912(1) (permitting 30 days from the date of a Nebraska district court decision for the filing of an appeal). Absent any tolling, Ortiz's petition for writ of habeas corpus must have been filed within one year, or no later than June 30, 2006.

As set forth above, the court must consider the United States Supreme Court's allowance that a writ of certiorari may be filed within 90 days after the entry of judgment of a state's "court of last resort." Sup. Ct. R. 13(1). Nebraska's court of last resort is the Nebraska Supreme Court. Because Ortiz did not appeal his conviction or sentence to either the Nebraska Court of Appeals or the Nebraska Supreme Court, a writ of certiorari would not be appropriate. Regardless, if Ortiz is given the benefit of an additional 90 days, Ortiz's judgment was final for purposes of the AEDPA on August 31, 2005. Therefore, when considering the 90-day writ of certiorari period, Ortiz's petition for writ of habeas corpus must have been filed in this court no later than August 31, 2006.

Ortiz filed his Petition in this court on August 20, 2007, long after both the June 30, 2006 and August 31, 2006 deadlines. (Filing No. 1.) Ortiz argues that he failed to file a direct appeal because his trial counsel was ineffective. But Ortiz has not filed a motion for post-conviction relief with the state courts raising this argument. Furthermore, even if Ortiz files a post-conviction motion, and is given an opportunity to file a new appeal, under Nebraska law, a new direct appeal does not constitute direct review for AEDPA purposes. *O'Neal v. Kenny*, 501 F.3d 969, 971 (8th Cir. 2007).

The federal courts may equitably toll the AEDPA's statute of limitations "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing cases and stating that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). However, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236(2003) (citations omitted). These circumstances usually include only those that are "external to the petitioner." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001).

In this case, Ortiz points to neither extraordinary circumstances beyond his control nor conduct by the State which excuses the untimeliness of his Petition. Accordingly, Respondent's Motion for Summary Judgment is granted and Ortiz's petition is dismissed as untimely.

IT IS THEREFORE ORDERED that:

1. Petitioner Gary Ortiz's Petition for Writ of Habeas Corpus is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

April 2, 2008. BY THE COURT:

*s/Richard G. Kopf*
United States District Judge